UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR PORTER,

    Petitioner,                                Civil No. 04-CV-71350-DT
                                                    HONORABLE AVERN COHN

v.

MARY BERGHUIS,

    Respondent,
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND REQUEST FOR A CERTIFICATE OF APPEALABILITY

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. On August 23, 2005, this Court denied Petitioner's application, finding his claims to be without merit. See Porter v. Berghuis, 2005 WL 2063946 (E.D. Mich. Aug. 23, 2005).

Before the Court is Petitioner's motion for reconsideration or in the alternative, he requests a certificate of appealability.[1] For the reasons that follow, the motion for reconsideration is DENIED. A certificate of appealability is also DENIED.

II. Motion for Reconsideration

E.D. Mich 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Ford Motor Co. v. Greatdomains.com, Inc., 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for

---

[1] Also before the Court is Petitioner's motion to exceed the page limits under L.R. 7.1(c)(3)(A). The motion is GRANTED.

reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case.

Here, petitioner has made a number of lengthy arguments in support of his motion for reconsideration.  However, petitioner's arguments present the same issues previously considered by the Court in denying the petition.  As such, he is not established grounds for reconsideration.

### III.  Certificate of Appealability

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal.  In re Certificates of Appealability, 106 F. 3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-484 (2000).  When a district court rejects a

habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. Id. at 484.

In his first and second claims, petitioner argued that the prosecutor withheld exculpatory evidence from the defense in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). A habeas petitioner is entitled to a certificate of appealability on a Brady claim where the district court considers the issue to be a "close call." See Tankleff v. Senkowski, 135 F. 3d 235, 242 ($2^d$ Cir. 1998). Here, however, petitioner has failed to show that reasonable jurists would find the court's assessment of his Brady claims to be debatable or wrong, i.e. the issue was not a close call.

In his third, fourth, and fifth claims, petitioner claimed ineffective assistance of trial counsel. For the reasons stated in the Opinion and Order, petitioner had failed to show that reasonable jurists would debate this conclusion.

In his sixth and seventh claims, petitioner claimed that he was deprived of a fair trial because of cumulative error. Petitioner has likewise failed to show that this conclusion was debatable or wrong.

SO ORDERED.

Dated: October 3, 2005                s/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 3, 2005, by electronic and/or ordinary mail.

                                      s/Julie Owens
                                      Case Manager, (313) 234-5160

3