**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTHUR PORTER,

    Petitioner,                                   Civil No. 04-CV-71350-DT
                                                       HONORABLE AVERN COHN

v.

MARY BERGHUIS,

    Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner filed a *pro se* petition for writ of habeas corpus, raising seven claims. Petitioner also filed a motion to amend the petition to dismiss his unexhausted claims, claims VI. and VII. The Court granted the motion to amend and denied the petition. See Opinion and Order filed August 23, 2005. In light of Petitioner's request to dismiss claims VI. and VII., the Court did not address these claims apart from in the context of a cumulative error claim, which the Court denied. The Court thereafter denied Petitioner's motion for reconsideration and request for a certificate of appealability (COA). See Order filed October 3, 2005. The Court of Appeals for the Sixth Circuit granted a COA essentially on the matters encompassed in claims I. through V. On appeal, Petitioner also asserted his claim under VI. - that the trial court lacked jurisdiction to convict him of the lesser included offense of assault with intent to murder. The Sixth Circuit affirmed the Court's decision. As to the claim regarding lack of jurisdiction, claim VI., the Sixth Circuit found it was not reviewable because a COA did not issue regarding the claim. See Order in Porter v. Berghuis, No. 05-2531, filed March 9,

2007.

Petitioner then filed a paper styled "Motion for Relief from Judgment to Reinstate Habeas Claim #6 Pursuant to FRCP 60(b). The Court denied the motion for lack of merit. See Order filed April 9, 2007. Petitioner filed a motion for reconsideration, which was also denied. See Order filed April 25, 2007. Petitioner has filed a notice of appeal from the Court's April 9 and April 25, 2007 orders.

II.

Before Petitioner can appeal the Court's decisions, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, the petition is dismissed on procedural grounds, such as the statute of limitations, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith

on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Petitioner seeks to appeal the Court's treatment of claim IV. regarding whether the trial court had jurisdiction. Petitioner has failed to satisfy the requirements for a COA. As explained in the order denying his motion for relief from judgment and in the order denying his motion for reconsideration, it appears that Petitioner seeks to reinstate his claim despite the fact that he requested it be dismissed. Petitioner cannot use Rule 60(b) to seek relief from his request. Reasonable jurists would not debate this conclusion.

Accordingly, a COA is DENIED.

SO ORDERED.

Dated: December 19, 2007        s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Arthur Porter, 339222, Brooks Correctional Facility, 2500 South Sheridan Road Muskegon Heights, MI 49444 on this date, December 19, 2007, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                Case Manager, (313) 234-5160